UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                Plaintiffs,

      v.                                              3:95-CR-232

JESSE CARTER,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Petitioner, Jesse Carter, filed a timely motion pursuant to 28 U.S.C. § 2255 seeking to vacate his convictions. Petitioner asserts the following grounds for relief: (1) that he is actually innocent because he has new evidence to prove he was indicted using inadmissible evidence; (2) that he received ineffective assistance of counsel; and (3) that pursuant to Watson v. United States, 552 U.S. 74 (2007) his conviction under Count 49 should be set aside. The Government responded to Petitioner's motion and, thereafter, Petitioner filed additional arguments and motions. Petitioner now asserts, in addition to his original arguments, the following grounds for relief: (1) that the Court did not have subject matter jurisdiction to hear his case; (2) that he was sentenced for a crime not charged in the indictment or submitted to the jury; (3) that his sentence was in violation of United States v. Booker, 543 U.S. 220 (2005); and (4) that pursuant to United States v. Whitley, 529 F.3d 150 and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), his sentences should run concurrently.

**I.      FACTS**

Petitioner was convicted of various narcotics trafficking offenses including engaging in a Continuing Criminal Enterprise; cocaine distribution; possession of cocaine with intent to distribute; and using and carrying a firearm during a drug trafficking offense. United States v. Joyner, 201 F.3d 61, 66 (2d Cir. 2000). Petitioner was sentenced to concurrent 240-month terms of incarceration on the drug charges followed by 60-month mandatory consecutive sentences pursuant to 18 U.S.C. § 924 for Counts 41, 42, and 43 and a mandatory consecutive 120-month sentence pursuant to § 924 for Count 49. The sentences for the § 924 counts were concurrent to each other, but consecutive to the sentence imposed for the drug charges. In total, Petitioner is serving a 360-month term of imprisonment. On appeal, the Second Circuit Court of Appeals substantially affirmed the conviction and sentence but vacated three firearms counts for insufficient evidence. Joyner, 201 F.3d at 67. On remand, the Court entered an amended judgment which did not affect Petitioner's total term of imprisonment. See Docket No. 1946. On April 10, 2008, Petitioner filed this § 2255 motion. The Government opposes the motion except as to Petitioner's argument that Count 49 should be vacated.

**II.     STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence only if he asserts "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United

States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "In this collateral attack upon his conviction, petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief." United States v. Gallo-Lopez, 931 F. Supp. 146, 148 (N.D.N.Y. 1996); Parsons v. United States, 919 F. Supp. 86, 88-89 (N.D.N.Y. 1996). "If, upon the Court's review of the record, moving papers, and any attached exhibits and affidavits, 'it plainly appears ... that the movant is not entitled to relief', the Court may summarily dismiss petitioner's motion." Id. (citing Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code).

"Where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993)(overruled in part Massaro v. United States, 538 U.S. 500, 509 (2003))(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). "One way for a § 2255 petitioner to satisfy both the cause and prejudice requirements is to prove that he received ineffective assistance of counsel." Gallo-Lopez, 931 F. Supp. at 148; Murray v. Carrier, 477 U.S. 478, 479 (1986).

Finally, a § 2255 petition cannot be used "to relitigate questions which were raised and considered on direct appeal." United States v. Sanin, 252 F.3d 79,83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)); see also United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)("once a matter has been decided adversely to a petitioner on direct appeal it cannot be relitigated in a collateral attack . . . .").

## III.  DISCUSSION

### a.  Actual Innocence

Petitioner claims that he has new evidence that proves he is actually innocent. Specifically, Petitioner claims that evidence used at his Grand Jury proceedings to indict him was deemed inadmissible at trial and, therefore, constituted perjury. He claims that as a result, his indictment was illegal. Petitioner admits that he raised this issue on appeal and again in his petition for re-hearing enbanc. The Second Circuit found his arguments to be without merit. "Once a matter has been decided adversely to a Petitioner on direct appeal it cannot be relitigated in a collateral attack." Natelli, 553 F.2d at 7. Petitioner is, thus, barred from raising this argument again in his § 2255 petition.

### b.  Ineffective Assistance of Counsel

Petitioner claims that defense counsel provided ineffective assistance of counsel in: (1) failing to provide a defense, and (2) failing to challenge the District Court's instruction that the jurors did not have to make findings of fact as to drug quantities.

To demonstrate ineffective assistance of counsel, Petitioner must show both (1) his counsel's performance was objectively unreasonable, and (2) that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668 (1984). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the Petitioner must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" Id. at 689 (quoting Michel v.

Louisiana, 350 U.S. 91 (1995)). To determine whether an attorney's conduct was deficient the "court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. The prejudice inquiry requires asking "whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Id. at 695.

Petitioner first alleges that his counsel provided ineffective assistance because he prepared his defense based on inadmissible evidence and was unable to rely on this evidence during trial. Petitioner asserts that trial counsel mistakenly believed (and told Petitioner before trial) that he could offer the Government's cooperating witnesses' debriefing statements (FBI Form 302s) into evidence as a way to impeach these witnesses. At trial, however, the Court ruled that these documents were inadmissible.

Assuming that counsel advised Petitioner that the 302s were admissible, the claim nevertheless fails under both prongs of the Strickland test. "First, Form 302 statements are considered witness statements in certain circumstances." Charles v. United States, No. 05-CV-274, 2009 WL 208838 *5 (N.D.N.Y. Jan. 19, 2006); See United States v. Scotti, 47 F.3d 1237, 1249 (2d Cir. 1995).[1] "Thus, and in light of the fact that in the underlying case the Form 302s were produced ostensibly as witness statements, it cannot be said that it was below an

---

[1] In Scotti, 47 F.3d at 1249, the Second Circuit held: The [FBI Form 302] notes may have been discoverable as a statement by [ ]one of the government's witnesses. In the circumstances of this case, [the defendant] would have been entitled to discovery of the notes if either of two conditions obtained: (1) [the Government's witness] "adopted or approved" [the FBI agent's] notes as his own statement, 18 U.S.C. § 3500(e)(1); Fed. R. Crim. P. 26(f)(1); or (2) the notes were a substantially verbatim recital of [the Government's witness's] words, even if the interview was not automatically recorded, 18 U.S.C. § 3500(e)(2); Fed. R. Crim. P. 26(f)(2); Palermo v. United States, 360 U.S. 343, 351-53 (1959)(interpreting 18 U.S.C. § 3500(e)(2). Even if not an exact recording, the notes would be considered a substantially verbatim recital of the witness's statement if they "could fairly be deemed to reflect fully and without distortion what had been said to the government agent" and thus be used to impeach the witness's testimony at trial. Id. at 352; United States v. Aviles, 337 F.2d 552, 556 (2d Cir. 1964); cert. denied, 380 U.S. 906 (1965).

objective standard of reasonableness for counsel to have believed that they would be admissible at trial." Charles, 2009 WL 208838 *5.

"Second, the claim fails under the second prong of the Strickland test. Assuming, *arguendo,* that counsel correctly recognized that the Form 302s would *not* come into evidence *in the underlying trial* (and advised the Petitioner of this), the results of the trial would have been no different." Charles, 2009 WL 208838 *5. "Counsel's mistake *before trial* as to what he thought the Court would rule *at trial* had no impact on the evidence that *was* presented at trial. Id. Therefore, Petitioner cannot establish prejudice proximately caused by the counsel's mistake.

Petitioner next alleges that counsel provided ineffective assistance in failing to challenge the Court's instruction to the jury that they did not have to make findings of fact as to drug quantities. Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466, 491 (2000), which holds that any fact that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Trial Counsel was not objectively unreasonable in failing to challenge the jury instruction because Apprendi was not decided at the time of Petitioner's trial, and counsel could not reasonably be expected to have predicted the outcome in Apprendi.

Assuming Petitioner is also alleging an ineffective assistance of counsel claim against his appellate counsel, for failing to raise the Apprendi issue on appeal, this claim also fails the Strickland test. Counsel was not objectively unreasonable in failing to raise this issue because there was no Apprendi error in Petitioner's sentence. The Second Circuit has held that "Apprendi is inapplicable to Guidelines calculations that do not result in a sentence on a

single count above the statutory maximum for that count." Santana-Madera v. United States, 260 F.3d 133, 141 (2d Cir. 2001)(citing United States v. McLeod, 251 F.3d 78, 82 (2d Cir. 2001); accord United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001) (Apprendi does not alter "a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum").  In this case, Petitioner was convicted pursuant to 21 U.S.C § 841(a)(1) and sentenced pursuant to 21 U.S.C § 841(b). Because Petitioner's conviction was based on cocaine, his sentence pursuant to § 841(b) was below the lowest possible statutory maximum regardless of the amount of cocaine actually possessed.  See 21 U.S.C. § 841(b)(1)(C).  Petitioner was also convicted under U.S.C. § 848 which provides for "a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." Because Petitioner's sentence of 240 (20 years) is less than life, there is no Apprendi error in this sentence.  Petitioner can not allege prejudice proximately related to appellate counsel's failure to argue an Apprendi issue because he was not sentenced for more than the statutory maximum and could have been sentenced to up to life imprisonment.  Petitioner's ineffective assistance of counsel claims are without merit.

### c.     **Petitioner's Conviction on Count 49 should be Vacated**

Petitioner alleges that his conviction for Count 49 of the indictment must be dismissed pursuant to Watson v. United States, 128 S.Ct. 579, 581 (2007).  Petitioner is currently serving a mandatory 120-month sentence for this count.  The Government responds that "in light of Watson, it appears that a drug dealer/distributor who obtains a firearm during a barter/trade for narcotics does not violate 924(c) insofar as it prohibits use and carry."  "Count

49 of the indictment charged that during May and June of 1994 [Carter and others] used, carried and bartered for a sawed off shotgun, in violation of Title 18, U.S.C., 924(c)." See Docket No. 2020.

Section 924(c)(1)(A) sets a mandatory minimum sentence, depending on the facts, for a defendant who, "during and in relation to any crime of violence or drug trafficking crime[,] ... uses or carries a firearm." Watson, 128 S.Ct. at 581. Carter's conviction for Count 49 was premised upon the legal theory that obtaining a firearm through barter constituted "use" as defined in § 924(c). The Supreme Court in Watson, 128 S.Ct. at 586, made clear that "a person does not "use a firearm under 924(c)(1)(A) when he receives it in trade for drugs." The government concedes that pursuant to the Supreme Court's reasoning and holding in Watson, Court 49 should be dismissed as to Carter. Therefore, Petitioner's conviction on Count 49 must be vacated.

### d. **Lack of Subject Matter Jurisdiction**

Petitioner alleges that the Court did not have proper subject matter jurisdiction to hear his case. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." In this case, Petitioner was indicted by a grand jury for several charges against the United States including U.S.C. §§ 848 and 846. The Court had subject matter jurisdiction to hear Petitioner's case. See United States v. Toole, 2008 WL 2323362 (W.D.N.Y. January 11, 2008)("The defendants have been charged by an indictment returned by a federal grand jury for violations of 21 U.S.C. § 846, a federal statute. This case, therefore, lies squarely within this Court's federal jurisdiction."); United States v. Tsang, 96

Fed. Appx. 318 (6th Cir. 2004)("The district court undisputably had subject matter jurisdiction over his indictment under 21 U.S.C. § 846.  It is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes."); United States v. Sosa-Sauceda, 260 Fed. Appx. 589, 593 (4th Cir. 2008)("United States district courts have subject matter jurisdiction over drug prosecutions brought under the federal drug laws.").

### e. **Booker Violations**

Petitioner alleges that his conviction should be overturned because his sentence was increased as a result of drug quantities not listed in the indictment or submitted to the jury and because he was sentenced according to the sentencing guidelines prior to United States v. Booker, 543 U.S. 220 (2005).  Petitioner' arguments rely on Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005).

The Second Circuit Court of Appeals has made clear that Booker does not apply retroactively to cases on collateral review.  Guzman v. United States, 404 F.3d 139, 140 ("We now hold that Booker does not apply retroactively to cases on collateral review..."), 144 ("For the reasons stated above, Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued.")(2d Cir. 2005). Therefore, Petitioner's claim based upon Booker is dismissed.

Furthermore, Petitioner's argument based on Apprendi is also without merit.  Apprendi does not apply to this case because [Petitioner's] sentence does not exceed the applicable maximum sentence" pursuant to either 21 U.S.C § § 841(b)(1)(C) or 848.  Hines v. United States, 66 Fed. Appx. 257, 260 (2d Cir. 2003).  In this case, Petitioner was convicted and

sentenced pursuant to 21 U.S.C § 841(b), which allows for a maximum term of 20 years, (even for trace amounts of cocaine) and 21 U.S.C. § 848, which provides for "a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment."  Because Petitioner's sentence of 240 (20 years) for each count is not more than the statutory maximum, Apprendi is inapplicable and Petitioner's argument is without merit.

### f.     **All Petitioner's Sentences should be Served Concurrently**

Petitioner alleges that pursuant to United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), his sentence pursuant to § 924 should run concurrent to his sentence for the drug related offenses.  Petitioner asserts that his total term of imprisonment should be 240 months.  Petitioner alleges that, based on these cases, it is clear that Congress intended sentences imposed pursuant to § 924 to run concurrently with any higher minimum sentence imposed by any other provision of law.  Whitley, 529 F.3d at 152; Williams, 558 F.3d at 168.  The Government argues, however, that the interpretation in Williams does not apply to Petitioner because he was sentenced under the pre-1998 version of § 924.

> At the time Petitioner was indicted and originally sentenced, § 924(c) read as follows:
>
> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years, and if the firearm is a machine gun, or a destructive

> device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

In 1998, § 924 was amended as follows:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [...]. (emphasis added).

Both Whitley, 529 F.3d at 152, and Williams, 558 F.3d at 169, interpret the "except" clause of § 924(c) as it was amended in 1998. The issue, therefore, is whether the Court should have sentenced Petitioner pursuant to the version of § 924 in effect at the time he committed the original offense and was first sentenced or under the version in effect when he was re-sentenced in 2004. Petitioner argues that his sentences are to run concurrently pursuant to the amended interpretation of § 924 in effect at the time Petitioner was resentenced.

The federal saving statute, 1 U.S.C. § 109 "preserves the original penalties in effect when [Petitioner] committed the offense." United States v. Smith, 354 F.3d 171, 173 (2d Cir. 2003). "Section 109 was designed to ensure that a convicted criminal defendant does not fortuitously benefit from more lenient laws that may be passed after he or she has been convicted." Id. at 174. The statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[...]. 1 U.S.C. § 109.

Although specifically referencing the "repeal of any statute" this statute has been interpreted to apply to statutory amendments as well.  See United States v. Mechem, 509 F.2d 1193, 1194-95 (10th Cir. 1975) ("Whether the earlier statute has been amended or repealed outright is of no consequence; the general savings statute applies in either instance."); see Moorehead v. Hunter, 198 F.2d 52, 53 (10th Cir. 1952) ("Whether an existing statute is specifically repealed and a new and different one is passed to replace it, or whether the existing statute is modified by amendment, is in our view immaterial. In either event, a new statute comes into being and the old one ceases to exist."); see also United States v. Snowden, 677 F. Supp 1108, 1110 (D. Kan. 1988) ("Applying the criminal statute in effect at the time of the offense, whether or not the statute subsequently is repealed *or amended*, provides for consistency and certainty in the criminal justice system.")(emphasis added).

The Supreme Court in Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 660 (1974) concluded that the "savings clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense."  Id. at 661; see also Smith, 354 F.3d at 175 ("§ 109 saves sentencing provisions in addition to substantive laws")(citing to U.S. v. Ross, 464 F.2d 376, 379-380 (2d Cir. 1972)); see also United States v. Cook, 890 F.2d 672 (4th Cir. 1989) (holding that the saving statute prevents a defendant who was ineligible for probation at the time she committed the offense from benefitting from an amendment [...] that would render her eligible for probation.).

In Marrero, 417 U.S. at 664-665, the defendant was ineligible for parole pursuant to a statute in effect at the time that he was sentenced.  After that statute was repealed, he initiated a habeas corpus proceeding to determine his parole eligibility status.  Id.  The Court held that the "no parole provision [...] is a penalty, forfeiture, or liability saved by § 109" and

- 12 -

held that § 109 barred "the Board of Parole from considering [Marrero] for parole." Id. at 664 and 659.  Similarly, in Smith, 354 F.3d at 173, the defendant was first sentenced under a statute requiring "that a person who committed a narcotics-related violation of supervised release be imprisoned to a term equal to one-third of the period of the supervised release." Following a congressional amendment "eliminating this requirement," the defendant's sentence was vacated, for unrelated reasons, and he was resentenced." Id.  Like in the instant case, the defendant argued that the amended statute should have governed his re-sentencing.  Id. at 172.  The Second Circuit rejected defendant's argument and held that "the date on which the original offense was committed, not the date on which the defendant is sentenced, determines which version [of the statute] applies."  Smith, 354 F.3d at 175.

Factually the instant case is more similar to Smith, 354 F.3d at 173, because the amendment to the relevant statute was enacted prior to re-sentencing, as opposed to Marrero, 417 U.S. at 664-665, where the amendment was enacted after sentencing.  The Second Circuit in Smith found this factual distinction "immaterial" as case law "clearly state[s] that the date on which the original offense is committed, not the date on which the defendant is sentenced for that offense, determines which version of a statute applies."  Smith, 354 F.3d at 174.  Therefore, in this case it is immaterial that Petitioner was re-sentenced after amended § 924 was enacted.

Petitioner is serving a consecutive sentence pursuant to § 924 that requires a sentence of at least 60 months more then he would have to serve under the amended § 924.  This is clearly a 'penalty, forfeiture, or liability' that would be saved by § 109 preventing this court from granting Petitioner's motion.

Petitioner also had the opportunity to raise this argument at his appeal and he neglected to do so. "Where a Petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993)(overruled on other grounds Massaro v. United States, 538 U.S. 500, 509 (2003))(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

The Supreme Court has recognized that "a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." Bousley v. United States, 523 U.S. 614, 622 (1998)(quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "where the basis of a ... claim is available, and other defense counsel have perceived and litigated the claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." Engle v. Isaac, 456 U.S. 107, 134 (1982). In this case, the argument at issue was certainly available to defendant during the time within which he could have appealed the issue and Petitioner failed to raise it at his appeal.[2] Therefore, Petitioner's argument is without merit.

---

[2] Except clause was added to § 924(c) in 1998. See Pub. L. 105-386 (S. 191), § 1(a)(1), 112 Stat. 3469 (Nov. 13, 1998).

IV.     **CONCLUSION**

For the foregoing reasons, Petitioner's motion pursuant to U.S.C § 2255 is granted in part.  This Court holds that, pursuant to Watson v. United States, Petitioner's conviction on Count 49 of the indictment must be vacated.  Therefore, Petitioner's total term of imprisonment must be amended to reflect a total term of imprisonment of 300-months.[3]  All other ground for relief advanced by Petitioner are denied.

IT IS SO ORDERED.

Dated: October 23, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] 240-month term of incarceration as to the drug charges followed by 60-month mandatory consecutive sentences pursuant to § 924 for Counts 41, 42, and 43; these to be served concurrent to each other but consecutive to the 240-month sentence imposed for the drug charge.